UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IKECHI KALLYS ALBERT, in behalf of
himself and for Cheryl Albert, a minor,

        Plaintiff,

     v.

FARMERS INSURANCE GROUP d/b/a
Illinois Farmers Insurance Company,
CREDIT COLLECTION SERVICES,
KINGDOM KANU, T-MOBILE USA, INC.,
and ASURION INSURANCE, INC.,

        Defendants.

Civil File No. 06-1250 (JNE/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

Plaintiff's IFP application is being granted by a separate order. However, while reviewing the record in order to decide whether Plaintiff should be granted IFP status, the Court discovered an obvious misjoinder of parties in this action. The Court is therefore recommending that two of the named Defendants, T-Mobile USA, Inc., and Asurion Insurance, Inc., be dropped from this action pursuant to Fed. R. Civ. P. 21, and that Plaintiff's claims against those Defendants be dismissed without prejudice.

Dockets.Justia.com

## I. BACKGROUND

Plaintiff's amended complaint[1] describes two separate and distinct series of events. The first series of events involves a dispute over an automobile insurance policy, and the second series of events involves a dispute over a cellular telephone service. Plaintiff's claims related to the automobile insurance policy are brought against Defendants Farmers Insurance Group, Kingdom Kanu, and Credit Collection Services, (the "insurance Defendants"). The claims related to the cellular telephone service are brought against Defendants T-Mobile USA, Inc. and Asurion, (the "cell phone Defendants"). The issue raised by Plaintiff's amended complaint is whether these two unrelated sets of claims can be litigated together in the same action.

## II. DISCUSSION

The Federal Rules of Civil Procedure allow a plaintiff to bring claims against multiple defendants in a single action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a) (emphasis added).

There is nothing in Plaintiff's amended complaint which suggests that the claims brought against the insurance Defendants arose out of "the same transaction, occurrence or series of transactions or occurrences" as the claims against the cell phone Defendants. Indeed, the Court cannot discern even the remotest connection between the claims that

---

[1] Plaintiff's original complaint (Docket No. 1) was superceded by an amended complaint, (Docket No. 7), which is now before the Court.

2

Plaintiff is attempting to bring against the two sets of Defendants in this action.  Thus, the

Court finds that the claims against the insurance Defendants cannot properly be joined with

the claims against the cell phone Defendants in a single action.  In short, the amended

complaint presents a misjoinder of parties.

The potential cures for a misjoinder of parties are prescribed by Fed. R. Civ. P. 21,

("Misjoinder and Non-Joinder of Parties"), which states that:

> "Misjoinder of parties is not ground for dismissal of an action.  Parties
> may be dropped or added by order of the court on motion of any party or of its
> own initiative at any stage of the action and on such terms as are just.  Any
> claim against a party may be severed and proceeded with separately."

In this case, the Court finds that it would be most appropriate to cure Plaintiff's obvious

misjoinder of parties by dropping the cell phone Defendants from this action.

The Court finds that it would be most "just" to drop the cell phone Defendants from this

action, rather than the insurance Defendants, for two reasons.  First, two of the insurance

Defendants have already appeared in this action, whereas the cell phone Defendants have

not yet made any appearances.  Second, while Plaintiff's claims against the insurance

Defendants are based, in part, on federal law, (the "Fair Debt Collection Practices Act"),

Plaintiff's claims against the cell phone Defendants are based solely on state common law

theories, (breach of contract, fraudulent representations, etc.), which do not provide any

grounds for federal subject matter jurisdiction.  Thus, if the insurance Defendants were

dropped, leaving only the claims against the cell phone Defendants, this action presumably would have to be summarily dismissed for lack of jurisdiction.[2]

The Court will therefore recommend that Plaintiff's claims against the cell phone Defendants, T-Mobile USA, Inc. and Asurion, be summarily dismissed without prejudice, and that Plaintiff be allowed to pursue his claims against the remaining Defendants, (i.e. the insurance Defendants), in this action – subject, of course, to any defenses those Defendants may raise in this matter.[3]

## III. RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

---

[2] Plaintiff alleges that subject matter jurisdiction exists under the diversity of citizenship statute, 28 U.S.C. § 1332, but that clearly is not so, because Plaintiff and at least one of the Defendants, Kingdom Kanu, are both identified as Minnesota residents. Even if Kanu were dropped from this action, subject matter jurisdiction still would not exist under the diversity statute, because the facts alleged in the complaint clearly belie Plaintiff's conclusory assertion that his damages exceed the $75,000 minimum requirement for diversity jurisdiction. See Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994) (regardless of how much money the plaintiff is requesting, federal courts can -- and should -- refuse to entertain diversity cases where it "'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount'") (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). The only potentially viable basis for federal subject matter jurisdiction in this case arises from Plaintiff's citation to the Federal Debt Collection Practices Act, and only the insurance Defendants are being sued under that statute.

[3] Although the Court will recommend that Plaintiff's claims against the cell phone Defendants be dismissed without prejudice, Plaintiff should not plan on bringing those claims back into federal court in a new lawsuit, because it is evident that any such lawsuit would have to be summarily dismissed for lack of federal subject matter jurisdiction. (See n. 2, supra.)

Plaintiff's claims against Defendants T-Mobile USA, Inc., and Asurion Insurance, Inc., be dropped from this action pursuant to Fed. R. Civ. P. 21, and that such claims be dismissed without prejudice.

Dated: May 30, 2006

                                     s/ Jeanne J. Graham
                                     JEANNE J. GRAHAM
                                     United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by June 13, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.