UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ikechi Kallys Albert,

      Plaintiff,

v.                                        Civil No. 06-1250 (JNE/JJG)
                                          ORDER

Illinois Farmers Insurance Company,
Credit Collection Services, and
Kingdom Kanu,

      Defendants.

Plaintiff Ikechi Kallys Albert did not appear.

Kevin J. Kennedy, Esq., and Candy B. Olson, Esq., Hanson Lulic & Krall, LLC, appeared for Defendants Illinois Farmers Insurance Company and Kingdom Kanu.

Susan E. Gustad, Esq., Bassford Remele PA, appeared for Defendant Credit Collection Services.

      This is a pro se action brought by Ikechi Kallys Albert against an insurer, an insurance agent, and a debt collector. Albert asserts claims against the insurer and the insurance agent, Illinois Farmers Insurance Company and Kingdom Kanu, respectively, under the Fair Debt Collection Practices Act (FDCPA) and state law. Albert also claims that the debt collector, Credit Collection Services, violated the FDCPA. The case is before the Court on the parties' motions for summary judgment. For the reasons set forth below, the Court dismisses Albert's claims.

### I.    BACKGROUND

      Illinois Farmers Insurance issued automobile insurance policies through its agent, Kanu, to Albert. One of the insured automobiles sustained damage, and Albert submitted a claim.

1

Disputes about the claim and policy premiums followed. Illinois Farmers Insurance referred the disputed premiums to Credit Collection Services. Albert then brought this action.

## II.   DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.     Illinois Farmers Insurance's and Kanu's motion**

*1.     FDCPA*

Albert claims that Illinois Farmers Insurance and Kanu violated the FDCPA. The applicable provisions of the FDCPA apply to debt collectors. 15 U.S.C. §§ 1692d–1692f (2000). In relevant part, the FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). Here,

Illinois Farmers Insurance and Kanu are in the insurance business. Their principal business is not the collection of debts, and they do not regularly collect or attempt to collect debts owed to others. Accordingly, the Court dismisses Albert's FDCPA claim against Illinois Farmers Insurance and Kanu.

2. *Breach of contract and bad faith breach of insurance contract*

Albert claims that Illinois Farmers Insurance and Kanu breached the insurance policy by failing to compensate him pursuant to its terms and that they breached the contract in bad faith. Illinois Farmers Insurance and Kanu first argue that Minnesota law does not recognize a cause of action for bad faith breach of contract. Under Minnesota law, "even a malicious or bad-faith motive in breaching a contract does not convert a contract action into a tort action sufficient to support an award of . . . extra-contractual damages." *Lickteig v. Alderson, Ondov, Leonard & Sween, P.A.*, 556 N.W.2d 557, 561 (Minn. 1996); *see Haagenson v. Nat'l Farmers Union Prop. & Cas. Co.*, 277 N.W.2d 648, 652 (Minn. 1979); *Wild v. Rarig*, 234 N.W.2d 775, 790 (Minn. 1975) (per curiam); *Kramer v. Bruns*, 396 N.W.2d 627, 631 (Minn. Ct. App. 1986) ("[B]ad faith termination of a contract is not an independent tort."). The Court therefore dismisses Albert's claim for bad faith breach of contract.

Illinois Farmers Insurance and Kanu next argue that Illinois Farmers Insurance fully compensated Albert pursuant to the policy's terms. In response, Albert disputes the amount of a deductible applied to his claim and asserts that Illinois Farmers Insurance failed to compensate him for towing expenses and loss of use.

With regard to the disputed deductible, Illinois Farmers Insurance and Kanu contend that Albert consented to it. In his affidavit, Kanu states that Albert telephoned Kanu from an automobile dealership in late September 2005 to request insurance for an automobile that Albert

3

was buying; that Kanu explained various premium and deductible levels to Albert; that Albert chose a deductible in the amount of $750; that Kanu faxed a copy of the insurance certificate to the dealership; that Albert signed a memorandum of insurance a few days later; and that the memorandum stated the policy was subject to a $750 deductible.

In response, Albert misreads Illinois Farmers Insurance's memorandum of law as an admission that Kanu unilaterally selected a high deductible to earn a higher commission. The memorandum of law states: "As a result of Plaintiff's choice of a higher deductible, Mr. Kanu received a lower commission than he would have received if Plaintiff had opted for a $250.00 deductible." Kanu's affidavit supports this quotation.

Albert also argues that Kanu fraudulently obtained Albert's signature and that Kanu admitted to the same in a recorded conversation. Albert does not explain how Kanu fraudulently obtained Albert's signature. Albert relies on a letter written by Kanu to support his assertion that Kanu admitted to fraudulently obtaining Albert's signature. The letter, however, does not support Albert's argument. Instead, it contains essentially the same assertions as Kanu's affidavit with regard to Albert's signature. Albert's conclusory assertions that he did not consent to the $750 deductible are insufficient to raise a genuine issue of material fact on the issue of whether he consented to it. *See, e.g.*, *Grabovac v. Allstate Ins. Co.*, 426 F.3d 951, 955 (8th Cir. 2005); *Lefkowitz v. Citi-Equity Group, Inc.*, 146 F.3d 609, 611 (8th Cir. 1998).

Turning to the dispute about towing expenses, Illinois Farmers Insurance contends that Albert did not submit a claim for towing expenses. In support, the insurer relies on the affidavit of the customer service associate assigned to Albert's claim. In his affidavit, the associate states that Albert never made a claim for towing expenses, that Albert agreed to a "'drive-in' repair inspection appointment," and that Albert did not submit a receipt for towing expenses. Albert

4

has not submitted evidence that raises a genuine issue of material fact on his claim for towing expenses.

As to Albert's claim for loss of use, the policy provides that Illinois Farmers Insurance will pay $15 per day while an insured automobile is "in the custody of a garage for repairs resulting from a Collision or Comprehensive loss." The policy limits the payment to $300. Here, an estimate of repairs revealed that Albert's automobile would be in a repair shop for four days, and Illinois Farmers Insurance issued a check in the amount of $60. Several months later, Illinois Farmers Insurance stopped payment on the check because the check was "stale dated." Illinois Farmers Insurance later sent another $60 check to an address provided by Albert. Albert contends that Illinois Farmers Insurance sent the first check to an address where he did not live, but the record reveals that Illinois Farmers Insurance sent it to the address listed on the memorandum of insurance. Albert contends that Illinois Farmers Insurance knew he had moved, but the record does not support this assertion. Albert also claims that he is entitled to more than $60, but the policy unambiguously limits payment to $15 per day while his automobile was in the custody of a garage for repairs. There is no evidence that the repair shop had custody of Albert's automobile for more than four days.

In short, viewing the record in the light most favorable to Albert, no reasonable factfinder could conclude that Illinois Farmers Insurance and Kanu breached Albert's insurance policy. The Court therefore dismisses Albert's claim for breach of contract.

    3.    *Unreasonable delay and negligent misrepresentation*

Albert alleges that Illinois Farmers Insurance and Kanu unreasonably delayed payments. An insurer breaches an insurance contract when it unreasonably delays payment of an undisputed amount. *Olson v. Rugloski*, 277 N.W.2d 385, 387 (Minn. 1979). Illinois Farmers Insurance and

Kanu assert that there is no evidence to support this claim because Illinois Farmers Insurance timely issued payment for the damage to Albert's automobile less the deductible and timely sent payment to Albert for loss of use. Albert has not responded with evidence that raises a genuine issue of material fact. As noted above, the record does not support Albert's argument that Illinois Farmers Insurance and Kanu knew Albert had moved when Illinois Farmers Insurance sent the first check for loss of use. Viewing the record in the light most favorable to Albert, a reasonable factfinder could not conclude that Illinois Farmers Insurance and Kanu unreasonably delayed payment of undisputed amounts to Albert. The Court therefore dismisses Albert's claim for unreasonable delay.

With regard to Albert's claim for negligent misrepresentation, Illinois Farmers Insurance and Kanu contend that they are entitled to summary judgment because the alleged misrepresentations are not false. *See Florenzano v. Olson*, 387 N.W.2d 168, 174 n.3 (Minn. 1986) (defining negligent misrepresentation). Illinois Farmers Insurance and Kanu submitted evidence to support their argument, and Albert has not proffered evidence that raises a genuine issue of material fact as to the truth of the alleged misrepresentations. Instead, Albert disputed at length the Court's earlier decision to amend the case caption. Albert neither sought nor obtained permission to submit a motion to reconsider. *See* D. Minn. LR 7.1(g). Accordingly, the Court grants Illinois Farmers Insurance and Kanu summary judgment on the claim for negligent misrepresentation.

     *4.*    *Fraudulent misrepresentation*

Albert asserts a claim against Illinois Farmers Insurance and Kanu for fraudulent misrepresentation. In addition to the alleged misrepresentations at issue in his claim for negligent misrepresentation, he relies on the referral of the disputed premiums to Credit

Collection Services to support his claim for fraudulent misrepresentation.  Here, Illinois Farmers Insurance and Kanu submitted evidence to demonstrate that Illinois Farmers Insurance had earned the premiums referred to Credit Collection Services.  Albert has not submitted evidence that raises a genuine issue of material fact as to whether Illinois Farmers Insurance and Kanu misrepresented the nature of the premiums to Credit Collection Services.  Nor has Albert raised a genuine issue of material fact as to whether the remaining alleged misrepresentations are false.  Accordingly, the Court grants Illinois Farmers Insurance's and Kanu's motion insofar as it relates to Albert's claim for fraudulent misrepresentation.  *See Florenzano*, 387 N.W.2d at 173.

   5. *Failure to indemnify*

  Albert asserts a claim against Illinois Farmers Insurance for intentional and willful failure to indemnify.  This claim essentially restates his claims for breach of contract and bad faith breach of contract.  For the reasons set forth above, Illinois Farmers Insurance is entitled to summary judgment on the claim for failure to indemnify.  *See, e.g.*, *Lickteig*, 556 N.W.2d at 561; *Haagenson*, 277 N.W.2d at 652.

   6. *Deceptive advertising, billing, and collection practices*

  Albert's claim for deceptive advertising, billing, and collection practices against Illinois Farmers Insurance and Kanu reiterates the claims discussed above.  Thus, Illinois Farmers Insurance and Kanu are entitled to summary judgment on this claim.

**B.** **Credit Collection Services' motion**

  Albert alleges that Credit Collection Services violated the FDCPA in its attempt to collect the debt.  First, Albert claims that Credit Collection Services harassed him.  "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  The section

continues with examples of violations, including obscene, profane, or abusive language, and "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *Id.* According to Credit Collection Services, Albert does not have sufficient evidence to support this claim.

In his responses to Credit Collection Services' interrogatories, Albert identified five dates in a period of approximately five weeks when Credit Collection Services contacted him. Asked to identify the abusive, threatening, and vulgar language employed by Credit Collection Services, Albert responded: (1) being called a "debtor"; (2) "you are a debtor and [you] are responsible to pay this debt"; (3) "until the account is settled in full, we will continue to contact you"; (4) "you can't go about taking auto insurance and not paying your premium"; (5) "who is your employer"; and (6) "you can pay by credit card – or we will garnish your wage until you pay what you owe." He also claims that Credit Collection Services made repeated telephone calls. The language identified by Albert is not obscene, profane, or abusive. Five contacts over the course of approximately five weeks do not constitute harassment. Assuming that Credit Collection Services made repeated phones calls on the dates identified by Albert, there is no evidence that Credit Collection Services made the calls with the intent to annoy, abuse, or harass Albert. Although Albert argues that he needs to conduct additional discovery, Albert had ample opportunity to conduct discovery within the time set forth in the pretrial scheduling order. Viewing the record in the light most favorable to Albert, no reasonable factfinder could conclude that Credit Collection Services harassed, abused, or oppressed Albert. The Court therefore grants summary judgment to Credit Collection Services on Albert's claim under section 1692d.

Second, Albert claims that Credit Collection Services made misrepresentations in connection with its attempt to collect the debt. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. Asked to identify the misrepresentations made by Credit Collection Services, Albert responded in his interrogatory answers that Credit Collection services told him that he owed $374.39 to Farmers Insurance Group. As noted above, no genuine issue of material fact exists as to whether Albert owed the premiums. As to Albert's claim that Credit Collection Services misrepresented the entity to which he owed the debt, the record reveals that Albert received numerous letters from Illinois Farmers Insurance on "Farmers Insurance Group" letterhead. Thus, Albert cannot claim to have been deceived or misled as to the identity of the original creditor. *See Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 739-40 (7th Cir. 2004). Albert's interrogatory answers also include the assertion that Credit Collection Services threatened to garnish Albert's wages if he did not pay the referred premiums. Under certain circumstances, a threat to garnish wages violates section 1692e. 15 U.S.C. § 1692e(4). Here, Albert does not argue whether Credit Collection Services could have legally garnished his wages or whether it intended to garnish his wages. Accordingly, the Court grants summary judgment to Credit Collection Services on Albert's claim under section 1692e.

Third, Albert claims that Credit Collection Services violated the FDCPA by continuing its collection efforts and failing to validate the debt after he had disputed the debt. *See id.* § 1692g(b) (2000) (amended 2006). There is no evidence that Albert disputed the debt in writing. The Court therefore dismisses this claim.

Fourth, Albert claims that Credit Collection Services used unfair or unconscionable practices in its attempt to collect the debt. *See id.* § 1692f. Credit Collection Services argues

9

that it is entitled to summary judgment on this claim because Albert has not identified the alleged unfair or unconscionable practices employed. The Court agrees. Albert's claim appears to restate those made under other provisions of the FDCPA. Accordingly, the Court grants Credit Collection Services' motion on this claim.

Finally, Albert asserts a claim against Credit Collection Services for deceptive advertising, billing, and collection practices. This claim restates Albert's FDCPA claim. The Court therefore grants summary judgment to Credit Collection Services.

**C.     Albert's motion**

Albert moves for summary judgment on all of his claims. Having concluded that Illinois Farmers Insurance, Kanu, and Credit Collection Services are entitled to summary judgment, the Court denies Albert's motion.

### III.     CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Illinois Farmers Insurance's and Kanu's Motion for Summary Judgment [Docket No. 106] is GRANTED.

2. Credit Collection Services' Motion for Summary Judgment [Docket No. 100] is GRANTED.

3. Albert's Motion for Summary Judgment [Docket No. 116] is DENIED.

4. Albert's claims against Illinois Farmers Insurance, Kanu, and Credit Collection Services are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 19, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge